UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY BEAL,

    Plaintiff,

v.                                    Case No. 3:06-cv-996-J-33TEM

LA QUINTA INNS, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Remand the Case Pursuant to 28 U.S.C. § 1447(c) (Doc. # 18), filed by Beal on December 11, 2006. La Quinta filed a response on January 3, 2007. (Doc. # 19.) For the reasons stated below, Beal's motion to remand is due to be granted.

**I.   Background**

Beal is a pre-operative transsexual who was employed by La Quinta as a front desk clerk, assistant housekeeping supervisor, and maintenance person. (Doc. # 2, at 2.) La Quinta ended Beal's employment in October 2005. (Doc. # 2, at 2.) Beal sued in state court under the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01–.11 (2006), alleging that La Quinta terminated Beal for prohibited reasons. (Doc. # 2.) Beal's complaint stated that "[t]his is an action for damages in excess of $15,000.00 exclusive of attorneys' fees and court costs." (Doc. # 2, at 1.) Further,

Beal's complaint asked for "economic damages, back pay and front pay, compensatory and emotional distress damages, injunctive relief and reinstatement, prejudgment interest, reimbursement for attorneys' fees and costs, punitive damages, and any other such relief that the Court deems just and appropriate under the circumstances."  (Doc. # 2, at 4.)

La Quinta removed the case to federal court on November 13, 2006, alleging diversity jurisdiction.  (Doc. # 1, at 1–2.)  In its notice of removal La Quinta identifies that Beal is a citizen of Florida and states that La Quinta is a Delaware corporation with its principal place of business in Texas.  (Doc. # 1, at 2.)  La Quinta submits that it is "facially apparent that the amount in controversy [in this case] far exceeds $75,000."  (Doc. # 1, at 3.)

In the motion to remand, Beal argues that this Court lacks diversity jurisdiction because La Quinta has not borne its burden of proving that the amount in controversy exceeds $75,000.  (Doc. # 18, at 2.)

## II.  Standard on Motion to Remand

Under 28 U.S.C. § 1441, the defendant can remove an action to U.S. District Court if that court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  U.S. District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In this case, it is not disputed

that the parties are of diverse citizenship. The only question is whether the amount in controversy exceeds the $75,000 jurisdictional threshold. Beal has not specified the amount of damages claimed in this lawsuit.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. Id. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

**III. Discussion**

La Quinta does not provide any evidentiary support for its position that the amount in controversy exceeds $75,000. (See Doc. # 1; Doc. # 19.) Instead, La Quinta relies entirely upon the argument that the damages Beal claims are so severe that "it is clear that the amount . . . easily surpasses the federal

3

jurisdictional requirement of $75,000." (Doc. # 1, at 4; see also Doc. # 19, at 2 ("In this case, it is 'facially apparent' that the amount in controversy far exceeds $75,000.").) La Quinta posits that the damages Beal seeks "are at least as serious as those alleged in other statutory discrimination cases in which federal courts have approved removal." (Doc. # 1, at 3; Doc. # 19, at 3.) La Quinta cites only one such case: Awad v. CiCi Enters., No. 8:06-cv-1278, 2006 U.S. Dist. LEXIS 71998 (M.D. Fla. Oct. 3, 2006). (Doc. # 1; Doc. # 19.) Because Awad is factually distinct from the case at bar, La Quinta's reliance on Awad is misplaced.

The court in Awad considered a cause of action under the Florida Civil Rights Act, "which specifically allows for the recovery of reasonable attorney's fees, compensatory damages, and punitive damages." Awad, 2006 U.S. Dist. LEXIS 71998, at *4. In finding that the amount in controversy exceeded $75,000, the court particularly relied on the fact that, in response to a discovery request, the plaintiff admitted that she sought damages in excess of $75,000. Id. at *4-5 ("In light of Plaintiff's admission and her request for damages, this Court concludes that Defendant has proven by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000."). This significant factor supporting the Awad decision is not present in the case at bar.

La Quinta does not advance any other argument that the amount

4

in controversy in this case exceeds $75,000. As such, La Quinta has not borne its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. In contrast, Beal has presented evidence that the amount in controversy is less than $75,000. For instance, Beal notes that the difference between Beal's annual salary when employed by La Quinta and Beal's current annual salary appears to be less than $2,000. (See Doc. # 18, at 3.) Moreover, Beal's attorney's fees to date are only $1,505. (Doc. # 18-3, at 1.) There is nothing but speculation to suggest that other damages would bring the total amount in controversy beyond the $75,000 jurisdictional threshold.

Given that "uncertainties are resolved in favor of remand," Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), the Court finds that La Quinta has failed to prove that the amount in controversy exceeds $75,000. Consequently, the Court concludes that it lacks subject matter jurisdiction, and this case must be remanded to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff's Motion to Remand the Case Pursuant to 28 U.S.C. § 1447(c) (Doc. # 18) is hereby **GRANTED**. This case is hereby **REMANDED** to the Circuit Court of the Fourth Judicial Circuit of Florida, Duval County, Florida.

2. The Clerk is directed to transmit a certified copy of

this Order to the Clerk of the Fourth Judicial Circuit of Florida, Duval County, Florida.  The Clerk is further directed to close the case and terminate all previously scheduled deadlines and pending motions.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>31st</u> day of May 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record.